# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| STEPHEN FOX, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-321 |
| GEORGIA PORTS AUTHORITY, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Using an "Employment Discrimination" form complaint, *pro se* plaintiff Stephen Fox sues the Georgia Ports Authority for violating his rights under The Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*). He also moves for leave to proceed *in forma pauperis* ("IFP"). Docs. 2 & 3. Finding him indigent, the Court **GRANTS** that motion (doc. 2-3), but his case faces dismissal because it fails to survive screening under 28 U.S.C. 1915(e)(2)(B)(ii) (requiring the Court to dismiss at the outset those complaints that fail to state a claim for relief).

The ADA "prohibits certain employers from discriminating on the basis of disability. *See* 42 U.S.C. §§ 12111-12117." *Lowe v. Hamilton*

*Cnty. Dep't of Job & Family Servs.*, 610 F.3d 321, 325 (6th Cir. 2010). No employer "shall discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *Fussell v. Georgia Ports Authority*, 906 F.Supp. 1561, 1567 (S.D. Ga. 1995).

> In order to establish a prima facie case of employment discrimination under the ADA, a plaintiff must show that: (1) she has a disability; (2) she is a qualified individual; and (3) the employer discriminated against her because of her disability. *See Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (interpreting prior version of Act).

*Keeler v. Fla. Dep't of Health*, 324 F. App'x 850, 856 (11th Cir. 2009) (footnote omitted); *accord Jest v. Archbold Med. Ctr., Inc.*, 561 F. App'x 887, 889 (11th Cir. 2014); *Sierra v. Port Consolidated Jacksonville, L.L.C.*, 2016 WL 927189 at * 3 (M.D. Fla. Mar. 4, 2016). The ADA defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

2

42 U.S.C. § 12102(1); *Sierra*, 2016 WL 927189 at *3. Implementing regulations supply further detail:

> (h) Physical or mental impairment means—
>
> (1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or
>
> (2) Any mental or psychological disorder, such as an intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2(h). "An individual has a record of a disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k)(1).

Fox's claim, in its entirety (and in raw, unedited form):

> On my off days from being excused from work, I was terminated for being sick by Ms. Betty Anne Rappe Admin dept. and carried out by H.R. Department of my termination. I, presented multiple doctor's excuses and signed F.M.L.A. papers that were signed by the doctor to see a specialist and because of how serious my physical conditions were at the time of diagnosis. From March 2012 to present day Dec. 2015. I have stayed home and bedridden at times because of the unpredictability of my physical condition. That's 3½ of no

3

> financial relief, not able to see my 3 children, not being able to eat as much, and cost of living! Staying with my parents, due to discrimination case.

Doc. 1 at 3-4. He seeks back pay and $8 million in damages. *Id.* at 4.

"Courts have held that a plaintiff must allege his disability with specificity to state a claim under the ADA." *Alejandro v. ST Micro Elec., Inc.*, 2015 WL 5262102 at *3 (N.D. Cal. Sept. 9, 2015). "[A] successful plaintiff will usually allege that he or she suffered from a specific, recognized mental or physical illness." *Bresaz v. County of Santa Clara*, ___ F. Supp. 3d ___, 2015 WL 5726470 at * 8 (N.D. Cal. Sept. 30, 2015); *Hankins v. Dean of Communications, Valencia College*, 2012 WL 7050630 at * 2 (M.D. Fla. Dec. 21, 2012) ("Hankins has not alleged facts showing that she is disabled within the meaning of the ADA. Instead, she merely makes a conclusory reference to being a 'disabled applicant,' which is insufficient to state a claim for relief under the ADA.").

Furthermore, one must plead facts establishing an ADA disability. *Sierra*, 2016 WL 927189 at *4 ("[T]he Court finds that Plaintiff's carpel tunnel syndrome qualifies as a physical impairment under the ADA."). Pleading that one has been ill, or sick, will not suffice. A mere

4

"diminished activity tolerance for normal daily activities such as lifting, running and performing manual tasks, as well as a lifting restriction, [does] not constitute a disability under the ADA." *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1222 (11th Cir. 2000); *see also id.* at 1224 (employee's tendinitis did not substantially limit his major life activity of performing manual tasks, as required to establish existence of an ADA disability); *see also Jones v. STOA International/Florida, Inc.*, 422 F. App'x 851, 853 (11th Cir. 2011) (highly contagious staph infection did not suffice; plaintiff failed to allege how, aside from missing work for several days, any major life activity was impaired or perceived to be impaired by her infection, or that she suffered or was regarded as suffering from any long-term impacts; her allegation that employer initially allowed her to work for remainder of month plausibly suggested that employer did not perceive her to have substantially limiting and significant disability).

Fox fails to meet the ADA pleading burden. At most he alludes to a generic, transient illness here. However:

> [t]he mere fact that [an ADA plaintiff] is under the care of a physician does little more than establish that he suffers from a physical impairment. But, simply suffering from an impairment does not make a person disabled under the ADA. *Toyota Motor Mfg.,*

5

*Kentucky, Inc. v. Williams*, 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). . . . Likewise, evidence of a medical diagnosis or medical care, even if long term, does not establish an objectively reasonable belief of disability. *See Mont-Ros v. City of West Miami*, 111 F.Supp.2d 1338, 1356 (S.D.Fla. 2000) ("A physical condition . . . does not automatically qualify as a 'disability' simply because it is . . . diagnosed by a doctor, or capable of being medically treated.").

*Robinson v. Hoover Enterprises, Inc.*, 2004 WL 2792057 at * 5 (N.D. Ga. Oct. 20, 2004).

Nevertheless the Court will give him a second chance.[1] *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."). He need not "present every last detail" of his case, *Swain v. Col. Tech. Univ.*, 2014 WL 3012693 at * 2 (S.D. Ga. June 12, 2014), but he must give "fair notice of what the . . . claim is and *the grounds upon which it rests.*" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (emphasis added). Those grounds *must* include the pleading elements

---

[1] Incidentally, the GPA likely would not succeed if it raised an Eleventh Amendment immunity defense here. *See R.W. v. Board of Regents of the University System of Georgia*, 114 F.Supp.3d 1260, 1279-80 (N.D. Ga. 2015) (State university's Eleventh Amendment sovereign immunity was validly abrogated for student's claims under ADA alleging university discriminated against him by excluding him from living in on-campus housing and conditioning his enrollment on continued psychiatric treatment based on his schizophrenia).

illuminated above.

Should Fox fail to timely amend his complaint, it will face dismissal for his failure to follow a Court order and to state a claim. *See* L.R. 41(b); *see Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order). Within 21 days of the date this Order is served, then, Fox must file an Amended Complaint that pleads all of the material elements required to support his claims. *See Marsh v. Ga. Dep't of Behavioral & Health Developmental Disabilities*, 2011 WL 806423 at *1 (S.D. Ga. Feb. 14, 2011) ("[P]laintiff must plead more than threadbare recitals, legal conclusions and the mere possibility of misconduct. . . . [I]t is not sufficient to simply cite to various health problems and an adverse employment result."), quoted in *Brown v. Mobile Cnty. Comm'rs*, 2015 WL 1444965 at * 6 (S.D. Ala. Mar. 31, 2015).

Fox also mentioned "F.M.L.A. paperwork" (doc. 1 at 4), which is generated under the Family and Medical Leave Act (FMLA).[2] However,

---

[2] As one court explains:

he expressly selected the ADA for this lawsuit. Doc. 1 at 2. He is free to change his mind, but is reminded that he must fully comply with the pleading requirements for such a claim, as well as Fed. R. Civ. P. 8. He is further advised that this Court is not his attorney and cannot provide legal assistance to any litigant. *See Kaiser v. Steele,* 2016 WL 1296388 at *1 (11th Cir. April 4, 2016) (courts "will not act as . . . "*de facto* counsel" for litigants). His "please-rule-on-my-case-now" motion (doc. 4), meanwhile, is **DENIED**.

---

> When employees invoke rights granted under the FMLA, employers may not "interfere with, restrain, or deny the exercise of or attempt to exercise" these rights. 29 U.S.C. § 2615(a)(1). Nor may employers "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful." 29 U.S.C. § 2615(a)(2). The former provision is generally, if imperfectly, referred to as "interference" whereas the latter is often referred to as "retaliation." *Callison v. City of Philadelphia,* 430 F.3d 117, 119 (3d Cir.2005). Although neither provision expressly forbids employers from terminating employees "for having exercised or attempted to exercise FMLA rights," a Department of Labor regulation has interpreted the sum of the two provisions as mandating this result. *See* 29 C.F.R. § 825.220(c). Under this regulatory interpretation, employers are barred from considering an employee's FMLA leave "as a negative factor in employment actions such as hiring, promotions or disciplinary actions." *Id.* Accordingly, an employee does not need to prove that invoking FMLA rights was the sole or most important factor upon which the employer acted.
>
> *Lichtenstein v. University of Pittsburgh Medical Center,* 691 F.3d 294, 301 (3rd Cir. 2012) (footnote omitted), cited in *Gunter v. Cambridge-Lee Industries, LLC,* 2016 WL 2735683 at * 6 (E.D. Pa. May 11, 2016) ("To prevail on an FMLA interference claim, [a plaintiff] must show that (1) he was an eligible employee, (2) the employer was required to provide FMLA benefits, (3) the employee was 'entitled' to FMLA leave, (4) the employee notified the employer of his need to take FMLA leave, and (5) the employer denied the employee benefits he was entitled to pursuant to the FMLA.").

Finally, Fox himself has furnished documentation revealing the GPA's position -- that he resigned without notice. Doc. 1 at 12, 13. If the GPA ultimately shows that, his case is doomed. And even if it shows mere error or managerial judgment in terminating Fox, his claim will still fail. Like other anti-discrimination statutes, the ADA covers only specific discriminatory intent -- *not* ordinary business decisions which, in hindsight, were simply a bad call. As the Eleventh Circuit has repeatedly emphasized:

> employers "may terminate an employee for a good or bad reason without violating federal law." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) (citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991)). Title VII does not allow federal courts to second-guess nondiscriminatory business judgments, nor does it replace employers' notions about fair dealing in the workplace with that of judges. We are not a "super-personnel department" assessing the prudence of routine employment decisions, "no matter how medieval," "high-handed," or "mistaken." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (quotation marks, citations, and alterations omitted). Put frankly, employers are free to fire their employees for "a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984).

*Flowers v. Troup Cnty., Ga., Sch. Dist.*, 803 F. 3d 1327, 1338 (11th Cir. 2015); *see also Jest* v. *Archbold Medical Center*, 561 F. App'x 887, 890

(11th Cir. 2014) (applying same doctrine in an ADA case); *Robinson v. Hoover Enters., Inc.*, 2004 WL 2792057 at * 9 (N.D. Ga. Oct. 20, 2004) (same).

To summarize, the Court **GRANTS** plaintiff Stephen Fox's IFP motion (docs. 2 & 3), **DENIES** his "ruling" motion, doc. 4, and authorizes him, upon pain of a dismissal recommendation, to file an Amended Complaint within 21 days of the date this Order is served.

**SO ORDERED**, this  25th  day of May, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA