# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| STEPHEN FOX, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV415-321 |
| GEORGIA PORTS AUTHORITY, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Using an "Employment Discrimination" form complaint, *pro se* plaintiff Stephen Fox sued the Georgia Ports Authority for violating his rights under The Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*). The Court granted him leave to proceed *in forma pauperis* but concluded that his case failed to survive screening under 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring the Court to dismiss at the outset those complaints that fail to state a claim for relief). Doc. 5; *Fox v. Georgia Ports Authority*, 2016 WL 3030179 at * 4 (S.D. Ga. May 26, 2016). It offered him a second chance to plead his case and he took it, doc. 7, but he now acknowledges that the Equal Employment Opportunity Commission

"discontinued further processing of my claim because my time had expired." Doc. 7 at 3; *see also* doc. 1 at 9 (EEOC notice documenting this fact).[1] Too, Fox himself has furnished documentation revealing the GPA's position -- that he resigned without notice. Doc. 1 at 12, 13. If the GPA ultimately shows that, this Court warned, his case is doomed.

Fox negates neither of those points. In fact, he alleges an ADA (or Family and Medical Leave Act (FMLA)) violation in "March of 2012" (doc. 7 at 3) but then reveals that he filed no "discrimination complaint with the [EEOC]" until "September 22, 2015" -- more than three years later. *Id.* That clearly violated the 180-day limit, rendering his claim untimely. *Wood v. City of Cordele*, 2013 WL 5952165 at * 5 (M.D. Ga. Nov. 6, 2013). Plus, he does not deny that he voluntarily resigned. His case is time-barred and otherwise fatally flawed, and his alternate claims are facially meritless (he raises "violation of Medicaid statute,"

---

[1] Two time bars are in play here. Fox had to complain to the EEOC within 180 days of the GPA's discriminatory actions against him. *Grant v. Hospital Authority of Miller County*, 2016 WL 5791546 at *5 (M.D. Ga. Sept. 30, 2016). After exhausting his EEOC administrative remedies, he had to file his ADA lawsuit here within 90 days of receiving what's known as a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The time limit is non-jurisdictional and is therefore subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Fox does not deny that he missed the 180-day time bar. Indeed, he simply ignores it in arguing that he filed this case within 90 days after receipt of his EEOC letter. Doc. 7 at 3 ¶ 10.

"Rehabilitation Act," and 42 U.S.C. § 1983 claims, for example).[2] It therefore must be **DISMISSED WITH PREJUDICE**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[2] Even assuming he meets the bare bones factual pleading requirement under the Rehabilitation Act of 1973, such claim is barred by the two-year statute of limitations. *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir.1998), cited in *Wood v. City of Cordele*, 2013 WL 5952165, at *7 (M.D. Ga. Nov. 6, 2013). The same must be said for any § 1983 claim. *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n. 2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). And there is no private cause of action under the Medicaid statutes. *See Brogdon ex rel. Cline v. National Healthcare Corp.*, 103 F.Supp.2d 1322, 1330 (N.D. Ga. 2000).

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA